UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| DUSTIN ADAMSON and DAVID, WHITE, individually, and on behalf of others similarly situated, | : : : : | ELECTRONICALLY FILED |
| Plaintiffs, | : : | No.: 2:20-cv-00778-CB |
| v. | : : | Judge Cathy Bissoon |
| KIRKHAM SOLUTIONS, INC. and COMCAST CABLE COMMUNICATIONS MANAGEMENT, LLC, | : : : : : : | |
| Defendants. | : | |

**DEFENDANT COMCAST CABLE COMMUNICATIONS MANAGEMENT, LLC'S ANSWER AND DEFENSES TO PLAINTIFFS' COMPLAINT**

Defendant Comcast Cable Communications Management, LLC ("Comcast"), by and through its undersigned counsel, answers the Complaint of Plaintiffs Dustin Adamson ("Adamson") and David White ("White") (collectively, "Plaintiffs") as set forth below. With regard to the introductory Paragraph of the Complaint, except to admit that Plaintiffs purport to advance the federal and state law claims articulated in the Paragraph, Comcast denies the allegations of the introductory Paragraph, denies all liability, and denies that Plaintiffs' claims are suitable for class or collective action treatment.

**JURISDICTION AND VENUE**[1]

1. The allegations contained in Paragraph 1 of the Complaint constitute legal conclusions to which no response is necessary.

---

[1] Comcast does not admit the truth of the headings in Plaintiffs' Complaint, but it incorporates them into its Answer and Defenses for the Court's convenience.

2. The allegation contained in Paragraph 2 of the Complaint constitutes a legal conclusion to which no response is necessary. To the extent a response is deemed necessary, Comcast denies the allegation contained in Paragraph 2 of the Complaint.

3. The allegation contained in Paragraph 3 of the Complaint constitutes a legal conclusion to which no response is necessary.

## PARTIES

4. Except to aver that the "Consent to Join" form filed as Exhibit A to the Complaint speaks for itself, Comcast avers that it lacks sufficient knowledge or information to form a belief as to Plaintiff's residence and, therefore, denies the remaining allegations contained in Paragraph 4 of the Complaint.

5. Except to aver that the "Consent to Join" form filed as Exhibit B to the Complaint speaks for itself, Comcast avers that it lacks sufficient knowledge or information to form a belief as to Plaintiff's residence and, therefore, denies the remaining allegations contained in Paragraph 5 of the Complaint.

6. Comcast lacks sufficient knowledge or information to form a belief as to the allegations contained in Paragraph 6 of the Complaint and therefore denies such allegations.

7. Except to admit that Comcast is a corporate entity that maintains an address located at One Comcast Center, Philadelphia, Pennsylvania 19103, Comcast avers that the remaining allegation contained in Paragraph 7 of the Complaint is a conclusion of law to which no response is necessary.

## FACTS

8. Comcast lacks sufficient knowledge or information to form a belief as to the allegations contained in Paragraph 8 of the Complaint and therefore denies such allegations.

9. Comcast denies the allegations contained in Paragraph 9 of the Complaint.

10. Except to admit that it contracts with many dozens of vendors to perform certain services, that it uses a "Vendor Management Center" to share information with certain vendors, and that the website referenced in Paragraph 10 of the Complaint speaks for itself and thus no response to the allegations regarding the website is necessary, Comcast denies that it contracts with or manages Kirkham Solutions. Comcast denies any additional allegations in Paragraph 10.

11. Comcast denies the allegations contained in Paragraph 11 of the Complaint.

12. Comcast denies the allegations contained in Paragraph 12 of the Complaint and specifically denies that it was the employer or joint employer of Plaintiffs.

13. Except to aver that it lacks sufficient knowledge or information to form a belief as to Plaintiffs' "IRS forms" or those of others Plaintiffs seek to represent and as to the job requirements of co-Defendant Kirkham, Comcast denies the allegations contained in Paragraph 13 of the Complaint and specifically denies that it was the employer or joint employer of Plaintiffs.

   a. Except to admit that some workers of some vendors assigned to provide services to Comcast can receive a security badge and access to certain secured computer networks on an as needed basis, Comcast denies the allegations contained in Paragraph 13(a) of the Complaint.

   b. Except to admit that some workers of some vendors assigned to provide services to Comcast can be required to display a Comcast brand logo and/or to adhere to certain technical specifications, Comcast denies the allegations contained in Paragraph 13(b) of the Complaint.

c. Except to aver that the language allegedly quoted from the "Field Installation Guide" referenced in Paragraph 13(c) speaks for itself, and thus no response to the allegation regarding that language is required, Comcast denies the allegations contained in Paragraph 13(c) of the Complaint.

d. Except to aver that the language allegedly quoted from the "Appointment Punctuality" document referenced in Paragraph 13(d) speaks for itself, and thus no response to the allegation regarding that language is required, Comcast denies the allegations contained in Paragraph 13(d) of the Complaint.

e. Except to aver that the language allegedly quoted from the email attached to the Complaint as "Exhibit C" speaks for itself, and thus no response to the allegation regarding that language is required, Comcast denies the allegations contained in Paragraph 13(e) of the Complaint.

f. Except to aver that the language allegedly quoted from the "work order" attached to the Complaint as "Exhibit D" speaks for itself, and thus no response to the allegation regarding that language is required, Comcast denies the allegations contained in Paragraph 13(f) of the Complaint.

g. Except aver that the language allegedly quoted from the "work order" referenced in Paragraph 13(g) speaks for itself, and thus no response to the allegation regarding that language is required, Comcast denies the allegations contained in Paragraph 13(g) of the Complaint.

h. Comcast denies the allegations contained in Paragraph 13(h) of the Complaint.

i. Comcast denies the allegations contained in Paragraph 13(i) of the Complaint.

j. Comcast denies the allegations contained in Paragraph 13(j) of the Complaint.

      k.    Comcast denies the allegations contained in Paragraph 13(k) of the Complaint.

14.    Comcast denies the allegations contained in Paragraph 14 of the Complaint.

15.    Comcast denies the allegations contained in Paragraph 15 of the Complaint.

16.    Comcast denies the allegations contained in Paragraph 16 of the Complaint.

17.    Comcast denies the allegations contained in Paragraph 17 of the Complaint and its subparts (a)-(e).[2]

18.    Comcast denies the allegations contained in Paragraph 18 of the Complaint.

19.    Comcast denies the allegations contained in Paragraph 19 of the Complaint.

### CLASS/COLLECTIVE ACTION ALLEGATIONS

20.    Except to admit that Plaintiffs purport to advance the claims articulated in Paragraph 20 of the Complaint, Comcast denies the allegations contained in Paragraph 20 of the Complaint and specifically denies that Plaintiffs' claims are suitable for class or collective action treatment.

21.    Comcast denies the allegations contained in Paragraph 21 of the Complaint.

22.    Comcast denies the allegations contained in Paragraph 22 of the Complaint.

23.    Comcast denies the allegations contained in Paragraph 23 of the Complaint.

24.    Comcast denies the allegations contained in Paragraph 24 of the Complaint.

25.    Comcast denies the allegations contained in Paragraph 25 of the Complaint.

26.    Comcast denies the allegations contained in Paragraph 26 of the Complaint.

27.    Comcast denies the allegations contained in Paragraph 27 of the Complaint.

---

[2] Except to aver that footnote 1 at Paragraph 17 of the Complaint references a website that speaks for itself and, therefore, no response to the allegations in the footnote are required, Comcast denies the remaining allegations of the footnote.

## COUNT I (Alleging FLSA Violations)

28. Comcast realleges and incorporates by reference each of its responses above as if fully set forth herein.

29. Comcast denies the allegations contained in Paragraph 29 of the Complaint.

30. The allegations contained in Paragraph 30 of the Complaint constitute legal conclusions to which no response is necessary. To the extent a response is deemed necessary, Comcast denies the allegations in Paragraph 30 of the Complaint to the extent they are alleged to apply to exempt workers or to individuals not employed, jointly or otherwise, by an alleged employer.

31. Comcast denies the allegations contained in Paragraph 31 of the Complaint.

32. Comcast denies the allegations contained in Paragraph 32 of the Complaint.

## COUNT II (Alleging PMWA Violations)

33. Comcast realleges and incorporates by reference each of its responses above as if fully set forth herein.

34. Comcast denies the allegations contained in Paragraph 34 of the Complaint.

35. The allegations contained in Paragraph 35 of the Complaint constitute legal conclusions to which no response is necessary. To the extent a response is deemed necessary, Comcast denies the allegations in Paragraph 35 of the Complaint to the extent they are alleged to apply to exempt workers or to individuals not employed, jointly or otherwise, by an alleged employer.

36. Comcast denies the allegations contained in Paragraph 36 of the Complaint.

## JURY DEMAND

Comcast admits only that Plaintiffs purport to demand a trial by jury, and it reserves all rights to challenge that demand at the appropriate time.

## RELIEF REQUESTED

Comcast denies all the allegations and assertions contained in Plaintiffs' Relief Requested Paragraph, including its subparts (a)-(f).

## GENERAL DENIAL

Comcast denies each and every allegation contained in the Complaint that is not specifically admitted herein.

## AFFIRMATIVE AND OTHER DEFENSES

1. Plaintiffs have failed, in whole or in part, to state a claim upon which relief can be granted with respect to some or all of their claims and/or the claims of some or all of the putative class or collective action members.

2. Plaintiffs' claims and/or those of some or all of the putative class or collective action members fail because they were not employed or jointly employed by Comcast.

3. Plaintiffs' claims and/or those of some or all of the putative class or collective action members are barred, in whole or in part, because they have not sustained any injury or damage by reason of any act or omission of Comcast.

4. Plaintiffs are not entitled to certification of this action as a class action because the purported class is not ascertainable and also joinder is not impracticable, Plaintiffs cannot satisfy the requirement of superiority, questions of law or fact are not common to the class and individual issues predominate, Plaintiffs' claims are not typical of the claims or defenses of the purported class, Plaintiffs will not fairly and adequately protect the interests of the class,

Plaintiffs' interest conflict with those of putative class members, and/or the requirements of Fed. R. Civ. P. 23 otherwise are not met in this case.

5. Plaintiffs are not entitled to certification of this action as a collective action because Plaintiffs and the purported collective action members they seek to represent are not similarly situated to one another.

6. Plaintiffs' claims and/or those of some or all of the putative class or collective action members are barred to the extent they concern hours during which they were engaged in activities that were preliminary or postliminary to their principal job activities or otherwise not compensable (e.g., when they were engaged in personal activities).

7. Plaintiffs' claims and/or those of some or all of the putative class or collective action members are barred as to all hours allegedly worked of which Comcast lacked actual or constructive knowledge.

8. Plaintiffs' claims and/or those of some or all of the putative class or collective action members are barred to the extent that they have affirmatively released, waived, or abandoned all or some of the claims raised in the Complaint.

9. Plaintiffs' claims and/or those of some or all of the putative class or collective action members are barred, in whole or in part, by the applicable limitation periods.

10. Plaintiffs' claims and/or those of some or all of the putative class or collective action members are barred, in whole or in part, by the doctrines of estoppel, offset, and/or set off.

11. Plaintiffs' claims and/or those of some or all of the putative class or collective action members are barred to the extent that they are subject to mandatory arbitration.

12. Comcast's alleged failure to pay overtime wages to Plaintiffs and/or some or all of the putative class or collective action members, which Comcast denies was unlawful, was in

good faith conformity with and in reliance on an administrative regulation, order, ruling, approval, interpretation, administrative practice, and/or enforcement policy of the Wage and Hour Division of the United States Department of Labor.

13. Plaintiffs' claims and/or those of some or all of the putative class or collective action members are barred to the extent that they satisfy one or more federal or state overtime exemptions, including the administrative, executive or combination exemptions.

14. If Comcast's alleged failure to pay overtime wages to Plaintiffs and/or any of the putative class or collective action members they seek to represent was unlawful, although such is denied, neither Plaintiffs nor some or all of such individuals can demonstrate facts sufficient to warrant an award of liquidated damages.

15. If Comcast's alleged failure to pay overtime wages to Plaintiffs or any of the putative class or collective action members they seek to represent was unlawful, although such is denied, none of Comcast's actions or omissions with respect to some or all of such individuals constitute a willful violation of the law.

16. Some or all of the time Plaintiffs and/or putative collective action members allegedly spent performing allegedly uncompensated work does not count as hours worked or compensable time because (a) any activities performed were not suffered or permitted; (b) the time was commuting, traveling, walking, or waiting time that is excluded from hours worked; (c) the time is otherwise excluded from hours worked under the Portal-to-Portal Act and related provisions; (d) the time is non-compensable by custom and practice; and/or (e) the alleged activities did not occur.

17. Although Comcast denies any wrongdoing, if any improper or illegal acts were by any of Plaintiffs' or the putative collective action members' employers against Plaintiff or the

putative collective action members, such acts were outside the scope of and/or inconsistent with Comcast's contract with those employers, and such acts were never ratified, confirmed, or approved by Comcast.

18. The Court lacks personal jurisdiction over the FLSA claims of non-Pennsylvania putative collective action members against one or both Defendants.

19. Plaintiffs lack standing and cannot represent the interests of others.

20. Plaintiffs and the putative collective action members cannot state a claim for overtime pay under the FLSA and/or the PMWA during any workweek in which Plaintiffs or the putative collective action members worked fewer than forty (40) compensable hours.

21. Plaintiffs' claims and/or the claims of the putative collective action members fail, in whole or in part, because Plaintiffs have been compensated for all hours worked in accordance with the requirements of the FLSA and the PMWA.

Comcast reserves the right to amend its responses above and to assert additional defenses as established by the facts of the case through discovery and/or its continuing investigation.

Comcast respectfully requests that the Complaint be dismissed in its entirety, with prejudice, and that the Court award Comcast the cost of its defense, including reasonable attorneys' fees, and such other relief as the Court deems appropriate.

Dated:  August 7, 2020                MORGAN, LEWIS & BOCKIUS LLP

By: s/ *Christopher K. Ramsey*
Christopher K. Ramsey (PA ID #63293)
MORGAN, LEWIS & BOCKIUS LLP
32nd Floor, One Oxford Centre
Pittsburgh, PA  15219
412.560.3323
412.560.7001 (Fax)
christopher.ramsey@morganlewis.com

Michael J. Puma (PA ID #94463)
(admitted *pro hac vice*)
1701 Market Street
Philadelphia, PA 19103
215.963.5000
215.963.5001 (Fax)
michael.puma@morganlewis.com

*Attorneys for Defendant Comcast Cable Communications Management, LLC*